IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| BRIAN KNODEL, Individually and as Personal Representative of the Estate of ELAINE M. KNODEL; STEVEN KNODEL, Individually and DAVID KNODEL, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON; JOHNSON & JOHNSON CONSUMER COMPANIES, INC.; IMERYS TALC AMERICA, INC., F/K/A LUZENAC AMERICA, INC.; PERSONAL CARE PRODUCTS COUNCIL F/K/A COSMETIC, TOILETRY, AND FRAGRANCE ASSOCIATION,<br><br>Defendants. | Civil Action No.: |

**COMPLAINT FOR WRONGFUL DEATH
AND DEMAND FOR A JURY TRIAL**

Brian Knodel, Individually and as Personal Representative of the Estate of Elaine M. Knodel (hereinafter "Decedent"), Steven Knodel, Individually and David Knodel, Individually (collectively hereinafter "Plaintiffs"), by and through their undersigned counsel, The Hannon Law Firm, LLC, assert their claims against Defendants Johnson & Johnson, Johnson & Johnson Consumer Companies, Inc., Imerys Talc America, Inc., f/k/a Luzenac America, Inc. and Personal Care Products Council, f/k/a Cosmetic, Toiletry, and Fragrance Association (collectively hereinafter "Defendants") for their injuries, damages and losses, and state and allege as follows:

## NATURE OF ACTION

1. This action arises from the wrongful death of Elaine M. Knodel who contracted ovarian cancer as the result of using Johnson & Johnson Baby Powder and Johnson & Johnson Shower to Shower talcum powder products (hereinafter the "PRODUCTS") in her perineal area, which at all times relevant hereto, were manufactured, designed, tested, packaged, labeled, marketed, advertised, distributed, and/or sold by Defendants, Johnson & Johnson; Johnson & Johnson Consumer Companies, Inc.; Imerys Talc America, Inc., f/k/a Luzenac America, Inc.; and Personal Care Products Council f/k/a/ Cosmetic, Toiletry and Fragrance Association (CFTA).

2. Talc is a main ingredient of the PRODUCTS. Talc is hydrous magnesium silicate, an inorganic material that is mined from the earth.

3. Defendants marketed the PRODUCTS as a means of eliminating friction on the skin and absorbing moisture, while keeping skin cool and comfortable. Defendants marketed the PRODUCTS for women to "use anytime you want skin to feel soft, fresh and comfortable." Consumers expect talc to be safe to use.

4. The PRODUCTS were not safe for use. As numerous studies have confirmed, the PRODUCTS lead to a significant increased risk of ovarian cancer.

5. Defendants did not tell consumers about the dangers for ovarian cancer associated with the talc-based PRODUCTS. Instead, Defendants continue to expressly and impliedly represent that the PRODUCTS are safe and intended for women to use the PRODUCTS in the very manner most likely to result in an increased risk of ovarian cancer. As a result of Defendants' misrepresentations and omissions regarding the safety of the PRODUCTS, Decedent purchased and used PRODUCTS causing her ovarian cancer and her death.